## W. Dyniewicz v. N. C. Benziger et al.

1. APPELLATE COURT PRACTICE—*Presenting Rules of the Trial Court.* —When it is desired to present the rules of the trial court for the consideration of the Appellate Court, such rules should be embodied in a bill of exceptions by the certificate of the trial judge showing that such rules were existing at the time of the trial.

**Assumpsit,** on a promissory note. Appeal from the County Court of Cook County; the Hon. WILLIAM C. DEWOLF, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1900. Affirmed. Opinion filed January 21, 1902.

**Statement.**—This action, being a suit on a promissory note, was begun before a justice of the peace. From a judgment against him there rendered the defendant appealed to the County Court and from the judgment of that court appealed to this court, where the judgment of the County Court was reversed because the case had been prematurely placed and tried upon the short cause calendar. (87 Ill. App. 590.)

The cause having been remanded to the County Court, appellant objected to its being re-docketed and moved that it be stricken from the short cause calendar. The objection was overruled and the motion denied.

The plaintiff served on defendant a notice as provided by statute to place the cause on the short cause calendar, and it was, despite defendant's strenuous objections, so placed, and thereafter tried, defendant refusing to appear at the trial.

No evidence save defendant's note was introduced, where-

Dyniewicz v. Benziger.

upon the court gave a written instruction to the jury to find the issues for the plaintiff and assess his damages at $86.77, which the jury did.

Defendant moved for a new trial and in arrest; these motions were overruled and judgment was entered on the verdict.

From this judgment defendant prosecutes this appeal.

CZARNECKI & KORALESKI, attorneys for appellant.

E. W. AUSTIN, attorney for appellees.

MR. JUSTICE WATERMAN delivered the opinion of the court.

It is not contended that the judgment is for more than is due and owing.

Whether the court should, when the case was re-docketed, have placed it on the general calendar or stricken it from the short cause calendar, is immaterial.

It was thereafter regularly placed on the short cause calendar, under notice properly given, and after having been once continued, was tried.

The defendant's affidavit as to the existence of certain rules of court was not conclusive; the court is supposed to be familiar with its rules. If it is desired to present rules of the County Court for the consideration of this court, they should be embodied in a bill of exceptions by the certificate of the court that such rules were, at the time, existing.

The bill of exceptions in this case is merely that appellant's attorney made affidavit that there were certain rules. So, too, as to orders of court; they can not be brought before this court by an affidavit that at certain times such orders were made, moved for and denied or entered. Nor can we accept as conclusive the affidavit of appellant's counsel that " the clerk of the County Court of Cook County " did not, " as by paragraph 14 of an act in regard to practice in courts of record, approved February 22, 1872, is required of him, furnish the judge of the court and the bar at each of said terms (December, 1899, January, Feb-

ruary, March, April nor May of the year 1900) with a copy of the docket of causes pending in the County Court of Cook County in which should be set down all law cases in order according to the date of the commencement," or the conclusion of the affiant that the clerk had not complied with paragraphs 15 and 16 of the act of February 22, 1872.

We find fastened to the record printed pamphlets purporting to be, one a calendar of cases in and the other rules of the County Court; but no certificate of the judge that they are or ever were such.

In the motion for new trial it is said, "The court erred in overruling the motion for a new trial instanter." Presuming that thereby is meant that the court erred in instantly overruling the motion for a new trial, we find no error in this regard.

Finding no error requiring a reversal of the judgment it is affirmed.